IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 3:11-2064 |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTONIO DUPREE WILLIAMS | ) | |
| | ) | |

<u>JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE
AS TO ANTONIO DUPREE WILLIAMS</u>

1. On February 22, 2012, a federal grand jury in this district returned a multi-count Second Superseding Indictment charging the Defendant, Antonio Dupree Williams ("Williams", "Defendant"), with various offenses related to drug trafficking, in violation of 21 U.S.C. §§ 841, 843 and 846; with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and, with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

2. The Second Superseding Indictment provided that upon Williams' conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c). The forfeitable property is identified as follows:

<u>Real Property</u>:

(a)    6305 Two Notch Road
        Leesville, South Carolina 29070
        Titled in the name of: Earnest Adams, Jr.
        TMS #: 008300-03-049
        Asset ID: 12-FBI-000943

(b) 408 Line Street
Batesburg, South Carolina 29006
Titled in the name of: Antonio Dupree Williams
TMS #: 005917-06-008
Asset ID: 12-FBI-002198

Vehicles:

(a) 2002 Ford F250 Truck
VIN#: 1FTNW21F22EA30660
Registered to: James Lewis Williams
Asset ID: 11-FBI-006473

(b) 2003 Cadillac Escalade
VIN#: 3GYFK66N43G216311
Registered to: James Lewis Williams
Asset ID: 11-FBI-006476

Firearms/Ammunition:

(a) Glock Model 32 .357 caliber pistol
Serial# FAK779US
Asset ID: 12-FBI-001308

(b) Taurus .357 caliber Model 650SS2 revolver
Serial # YC65051
Asset ID: 12-FBI-001308

(c) Taurus .38 Model 80 caliber revolver
Serial # 738524
Asset ID: 12-FBI-001308

(d) Smith and Wesson M&P 15 AR-15
Serial# SW11202
Asset ID: 12-FBI-001308

(e) Rossi .38 caliber revolver
Serial # D603445
Asset ID: 12-FBI-001308

(f) Charter Arms, Model Pathfinder, .22 revolver caliber
Serial# 93545
Asset ID: 12-FBI-001308

(g)  Smith and Wesson Model 4046 .40 caliber pistol
Serial# TYP4492
Asset ID: 12-FBI-001308

(h)  82 rounds of .357 Magnum caliber ammunition
Asset ID: 12-FBI-001308

(I)  10 rounds of 5.56mm caliber ammunition
Asset ID: 12-FBI-001308

(j)  23 rounds of .40 caliber ammunition
Asset ID: 12-FBI-001308

(k)  19 rounds of 9mm caliber ammunition
Asset ID: 12-FBI-001308

(l)  44 rounds of .357SIG caliber ammunition
Asset ID: 12-FBI-001308

(m)  19 rounds of .38 caliber ammunition
Asset ID: 12-FBI-001308

(n)  8 rounds of .32 caliber ammunition
Asset ID: 12-FBI-001308

(o)  (3) 410 gauge shotgun shells
Asset ID: 12-FBI-001308

(p)  (1) 20 gauge shotgun shell
Asset ID: 12-FBI-001308

Cash:

(a)  $7,000 received from Petina Etheridge on February 7, 2012
Asset ID: 12-FBI-001959

3. On April 27, 2012, Williams pled guilty to the following offenses of the Second Superseding Indictment:

- Count 1 (Conspiracy to posses with the intent to distribute, and to distribute, 5 kilograms or more of cocaine and 280 grams or more of cocaine base (commonly known as "crack" cocaine), in violation of 21 U.S.C. §§ 841 and 846;

- Count 19 (Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)); and,

- Count 47 (Conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h)).

4. Based upon Williams' conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that such property constituted, or was derived from, proceeds the Defendant obtained as a result of such violations; was property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956; and was firearms and ammunition involved in or used in knowing violation of 18 U.S.C. § 922(g); and that Williams was previously convicted of a crime punishable by imprisonment for a term exceeding one year, and may not legally possess firearms or ammunition. The court finds that Williams has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

5. The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Williams has been convicted; therefore, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

7. JUDGMENT IS ENTERED against Defendant, and in favor of the United States in the amount of $2,000,000, together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

8. The Defendant, Antonio Dupree Williams, shall forfeit to the United States all of the Defendant's right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of his violation of 21 U.S.C. §§ 841 and 846, 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 1956, and any property used to facilitate such offenses, for which Defendant had been convicted.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The below described property, and all right, title and interest of the Defendant, Antonio Dupree Williams, in and to the following property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

    <u>Real Property</u>:

    (a)    6305 Two Notch Road
            Leesville, South Carolina 29070
            Titled in the name of: Earnest Adams, Jr.
            TMS #: 008300-03-049
            Asset ID: 12-FBI-000943

    (b)    408 Line Street
            Batesburg, South Carolina 29006
            Titled in the name of: Antonio Dupree Williams
            TMS #: 005917-06-008
            Asset ID: 12-FBI-002198

Vehicles:

(a) 2002 Ford F250 Truck
    VIN#: 1FTNW21F22EA30660
    Registered to: James Lewis Williams
    Asset ID: 11-FBI-006473

(b) 2003 Cadillac Escalade
    VIN#: 3GYFK66N43G216311
    Registered to: James Lewis Williams
    Asset ID: 11-FBI-006476


Firearms/Ammunition

(a) Glock Model 32 .357 caliber pistol
    Serial# FAK779US
    Asset ID: 12-FBI-001308

(b) Taurus .357 caliber Model 650SS2 revolver
    Serial # YC65051
    Asset ID: 12-FBI-001308

(c) Taurus .38 Model 80 caliber revolver
    Serial # 738524
    Asset ID: 12-FBI-001308

(d) Smith and Wesson M&P 15 AR-15
    Serial# SW11202
    Asset ID: 12-FBI-001308

(e) Rossi .38 caliber revolver
    Serial # D603445
    Asset ID: 12-FBI-001308

(f) Charter Arms, Model Pathfinder, .22 revolver caliber
    Serial# 93545
    Asset ID: 12-FBI-001308

(g) Smith and Wesson Model 4046 .40 caliber pistol
    Serial# TYP4492
    Asset ID: 12-FBI-001308

(h) 82 rounds of .357 Magnum caliber ammunition
    Asset ID: 12-FBI-001308

(I) 10 rounds of 5.56mm caliber ammunition

Asset ID: 12-FBI-001308

(j) 23 rounds of .40 caliber ammunition
Asset ID: 12-FBI-001308

(k) 19 rounds of 9mm caliber ammunition
Asset ID: 12-FBI-001308

(l) 44 rounds of .357SIG caliber ammunition
Asset ID: 12-FBI-001308

(m) 19 rounds of .38 caliber ammunition
Asset ID: 12-FBI-001308

(n) 8 rounds of .32 caliber ammunition
Asset ID: 12-FBI-001308

(o) (3) 410 gauge shotgun shells
Asset ID: 12-FBI-001308

(p) (1) 20 gauge shotgun shell
Asset ID: 12-FBI-001308

Cash:

(a) $7,000 received from Petina Etheridge on February 7, 2012
Asset ID: 12-FBI-001959

2. Upon entry, this order becomes final as to Williams, and shall be made a part of his sentence and included in the criminal judgment;

3. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

This Order shall serve as a Writ of Entry and Inspection, authorizing the United States Marshals Service, and their authorized representatives to enter onto and into the premises of the above-described real property as necessary for purposes of conducting

inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the property until these proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property.

    4.    The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgment.

    5.    The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

    6.    The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

    7.    Upon entry of this Order, the United States Marshal's Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

    8.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

13. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 1, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge