IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | CR No.: 3:11-2064-JFA |
|---|---|
| v. | ORDER |
| ERIC FREDERICK WILLIAMS | |

The defendant, Eric Frederick Williams, pleaded guilty in this court pursuant to a signed plea agreement on May 7, 2012.

Paragraph 15 of the plea agreement conditions the defendant's plea upon reserving his right to appeal a pretrial ruling by this court concerning the use of a prior felony drug conviction. Specifically, Paragraph 15 states:

> The defendant hereby reserves his right to appeal to the Fourth Circuit Court of Appeals, pursuant to Fed. R. Crim. P. 11(a)(2), from the district court's decision denying his motion to preclude the use of a prior felony drug conviction filed on January 12, 2012.

All parties signed the plea agreement, and this court accepted Williams's "conditional" guilty plea. Subsequent to the entry of the plea and before sentencing, the government became concerned that the type of guilty plea structured in this case was not valid under the Fourth Circuit's decision in *United States v. Bundy*, 392 F.3d 641 (4th Cir. 2004). When the court received the government's memorandum indicating its concern, the court invited all parties to submit a memorandum addressing the issue. After reviewing these memoranda, the court agrees with the government that the court acted improvidently in accepting the conditional guilty plea in this case.

1

In *Bundy*, the Fourth Circuit held that a defendant may enter a conditional plea if: (1) the plea is offered in writing; and (2) the plea specifies the adverse pretrial ruling that the defendant intends to appeal. *Id.* at 645. The Fourth Circuit then imposed an additional requirement on conditional guilty pleas. Specifically, it stated that a "valid conditional guilty plea preserves for appellate review only case-dispositive pretrial matters." *Id.* at 647.

As the government points out, case-dispositive issues are ones in which (1) a ruling in the defendant's favor would require dismissal of the charges or suppression of essential evidence; or (2) a ruling in the government's favor would require affirming the conviction. In other words, there should be no trial after the specified issues are resolved by the court of appeals. The plea agreement fashioned in this case runs afoul of *Bundy*'s requirement that the issue preserved for appellate review involve only case-dispositive issues.

For the foregoing reasons, the court must now give the defendant the option of choosing between: (1) withdrawing his guilty plea and proceeding to trial; or (2) going forward with the guilty plea, with the plea agreement being modified so as to remove the conditional nature of the plea. If the defendant selects the second option, he would still have the ability to challenge on appeal the use of the prior conviction in determining his sentence. The defendant would, however, be bound by the final ruling in this case, whether that ruling be one that is issued by this court and not appealed or one issued by the Fourth Circuit Court of Appeals following an appeal.

The court will allow the defendant until October 31, 2012 to notify the court of his intentions.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

October 11, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge