IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 3:11-2064-10-JFA |
| Plaintiff, | |
| V. | |
| DARRELL TITO WASHINGTON a/k/a "D-Black" | |
| Defendant. | |

## ORDER GRANTING SUMMARY JUDGMENT, AND FINAL ORDER OF FORFEITURE AS TO 2000 CADILLAC DEVILLE, VIN: 1G6KD54Y3YU242668

Loretta Washington ("Claimant") has filed a petition (hereafter, "claim") in this ancillary forfeiture proceeding (ECF No. 745) opposing forfeiture of a 2000 Cadillac Deville, VIN: 1G6KD54Y3YU242668 (hereafter, the "Cadillac"), which is registered to Claimant and her son, defendant Darrell Tito Washington. Pursuant to Civil Rule 56, Criminal Rule 32.2(c)(1)(B),[1] and 21 U.S.C. § 853(n)(2),[2] the United States filed a motion for summary judgment in its favor (ECF No. 787), and against Loretta Washington (hereafter, "Claimant"), *pro se*. The Government alleges that Claimant is

---

[1] Rule 32.2(c)(1)(B) states, in pertinent part: "When discovery ends, a party may move for summary judgment under the Federal Rules of Civil Procedure."

[2] Section 853(n)(2) restricts the filing of third-party ancillary claims to those who have a "legal interest" in property which has been ordered forfeited. As shown below, claimants whose legal interest in property – as in this case – consists merely of possessing "bare title", lack standing (i.e., lack the requisite "legal interest" in the property) to contest forfeiture.

1

a mere nominee owner, and therefore lacks standing to contest forfeiture of the Cadillac.

For the reasons set forth herein, the court grants summary judgment in the government's favor, and orders the Cadillac forfeited to the United States.

## I. STATEMENT OF THE CASE

In February 2012, defendant Darrell T. Washington ("Washington") was indicted for various drug and firearms offenses. See Pre-Sentence Report ("PSR), ¶¶ 1-8. In June 2012, a jury found him guilty on multiple counts, including a conspiracy to distribute 5 kilograms of cocaine and 280 grams of "crack" cocaine. On September 18, 2012, pursuant to Criminal Rule 32.2(b), the court entered a Preliminary Order of Forfeiture ("POF") against Washington, which forfeited, *inter alia*, the Cadillac.[3] ECF No. 627.

On December 7, 2012, the Government sent notice of the proposed forfeiture to potentially interested third parties, including Claimant, who is Darrell Washington's mother, and to Ashley Taylor, who is Darrell Washington's wife. ECF No. 706, p. 6. On February 7, 2013, Loretta Washington filed a claim contesting forfeiture of the Cadillac. ECF No. 745. In her claim, which was signed under penalty of perjury, she stated, in pertinent part, that "[p]rior to law enforcement's seizure of the above referenced Vehicle, I utilized it as my primary vehicle for travel to and from my

---

[3] Another Cadillac was also forfeited in the POF, which was identified therein as a 2003 Cadillac CTS, VIN#: 1G6DM57N830155780, registered to Darrell Washington (Asset ID: 11-FBI-006474). All other references to "Cadillac" in this Order are to the 2000 Cadillac Deville which is the subject of this contested ancillary proceeding.

2

employment with Life Care Center of Columbia. . . ." Id., ¶ 3. Following the filing of the claim, the court granted the Government's motion to conduct ancillary discovery. ECF No. 753.

The Government's Motion for Summary Judgment was filed on May 23, 2013, and served on Claimant at that time. ECF No. 787. On June 4, 2013, the clerk issued a "Roseboro Order" advising Claimant of her obligation to affirmatively respond to the Government's motion by July 8, 2013. ECF Nos. 790-91. However, Claimant has failed to file any response.

## III. RESULTS OF ANCILLARY DISCOVERY

On March 22, 2013, the Government took the depositions of Claimant and Ashley Taylor. At that time, as set forth in the Government's Motion for Summary Judgment, at her deposition, Claimant denied ownership of the Cadillac, testifying that the vehicle was merely put in her name. This admission is significant, because, as shown below, the case law interpreting 21 U.S.C. § 853(n)(2) (requiring that a claimant have a "legal interest" in property to contest its forfeiture) generally holds that mere title ownership to property, absent more, does not constitute a sufficient legal interest in property so as to confer standing to contest forfeiture. Claimant also confirmed in her deposition, as she did in her claim, that she personally gave nothing of value for the Cadillac. This admission is also significant, as it shows lack of any true ownership interest on her part in the Cadillac, further underscoring lack of a sufficient "legal interest" in the vehicle so as to possess statutory standing to contest forfeiture under 21 U.S.C. § 853(n)(2). She further admitted that she paid no taxes on the vehicle.

3

Moreover, contradicting her filed claim, Loretta Washington testified at her deposition that she never drove the Cadillac, and denied the statement she previously made in her claim that she drove the Cadillac to and from her place of employment (blaming this alleged misstatement on the attorney who prepared the claim).

## IV. APPLICABLE LEGAL AUTHORITIES

### Summary Judgment

Although Section 853(n)(2) provides for a non-jury hearing on an ancillary petition, such a hearing is not necessary where the petition can be dismissed outright for failure to state a claim (see, Rule 32.2(c)(1)(A)), or where summary judgment is appropriate. Rule 32.2(c)(1)(B) states, in pertinent part: "When discovery ends, a party may move for summary judgment under the Federal Rules of Civil Procedure." The Advisory Committee Note to Rule 32.2 underscores that ancillary proceedings, although part of a criminal proceeding, are also governed in part by the Federal Rules of Civil Procedure:

> Because an ancillary hearing is connected to a criminal case, it would not be appropriate to make the Civil Rules applicable in all respects. The amendment, however, describes several fundamental areas in which procedures analogous to those in the Civil Rules may be followed. These include the filing of a motion to dismiss a claim, conducting discovery, disposing of a claim on a motion for summary judgment, and appealing a final disposition of a claim.

Fed.R.Crim.P. 32.2, Advisory Committee Note to Subdivision (c). See also, Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) (a party move for summary judgment in the ancillary proceeding after discovery has taken place).

4

## Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the nonmovant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

## Standing

Criminal Rule 32.2(c)(1)(A) provides that "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing . . . . For purposes of the motion, the facts set forth in the petition are assumed to be true."

5

21 U.S.C. § 853(n)(2) states: "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his interest in the property. . . ." Under Section 853(n)(2), a person must have statutory standing to file an ancillary petition (i.e., must have the requisite "legal interest" in the property subject to forfeiture). The claimant has the burden of proof to establish standing. United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (claimant has the burden of proof on the standing issue); United States v. Weiss, 467 F.3d 1300, 1307-08, 1309 n.10 (11th Cir. 2006) (applying the same rules governing standing in the ancillary proceeding as apply in civil forfeiture cases: it is a threshold matter on which the claimant bears the burden of proof by a preponderance of the evidence; if the claimant lacks standing, the court lacks jurisdiction to consider the claim).

As set forth above, Claimant acknowledges that she was merely a title owner of the Cadillac, who never drove it, possessed it, or paid anything for it. These admissions on her part are dispositive as to her lack of standing under Section 853(n)(2). As stated in a treatise on the subject of federal forfeiture:

> [A] claimant who holds bare legal title to the forfeited property but who exercises no dominion or control over it may have title to the property under state law but lacks standing to contest its forfeiture under Section 853(n)(2).
> Footnote 96: See United States v. Weiss, 467 F.3d 1300 (11th Cir. 2006) (a mere nominee lacks the legal interest necessary to establish Article III standing); United States v. Morgan, 224 F.3d 339, 343 (4th Cir. 2000) (if claimant exercises no dominion or control over joint bank account, court may ignore state law interest in the property and deny claim for failure to establish legal right, title, or interest under federal law); United States v. Gomez, 2000 WL 34029288, *2 (N.D. Iowa Aug. 3, 2000) ("possession of mere legal title by one, who does not exercise dominion and control over

>    the property, is insufficient even to establish standing to challenge a forfeiture"); United States v. Wheaton, 2005 WL 2429792, *7 (N.D. Tex. Sept. 25, 2005) (listing as joint owner on the tax rolls insufficient to establish standing); United States v. Sokolow, 1996 WL 32113, *2 (E.D. Pa. Jan. 26, 1996) (bare legal title without exercise of dominion and control is insufficient to establish standing); United States v. Rogers, 1996 WL 252659, *5 (N.D.N.Y. May 8, 1996) (same) (nominee's name on title to car was a sham to protect true owner from forfeiture).

Asset Forfeiture Law in the United States, 2nd Ed., p. 814 (Cassella, Stefan D.).

## V.  SUMMARY JUDGMENT IS GRANTED

Applying the foregoing standards and legal authorities, the court concludes that the Government is entitled to summary judgment. As shown in the Government's motion – to which no response was filed -- Claimant is, at most, a mere title owner of the Cadillac. As shown in the preceding cases, there is an ample body of legal precedent supporting the conclusion that, as a mere possessor of bare legal title, Claimant lacks standing to contest forfeiture under 21 U.S.C. § 853(n)(2). Moreover, Claimant has defaulted in her obligation to affirmatively respond to the summary judgment motion. Accordingly, pursuant to Civil Rule 56 and Criminal Rule 32.2(c)(1)(B), the court grants the Government's motion for summary judgment.[4]

---

[4] Even if it were necessary to reach the merits of the case, Claimant could not prevail. Under Section 853(n)(6)(A), as a mere title owner who did not exercise dominion or control over the Cadillac, her interest could not be deemed superior to that of the United States. See United States v. Ida, 14 F.Supp.2d 454, 460-61 (S.D.N.Y. 1998) (title owner of real property had standing, but was a mere straw owner, and therefore did not have a superior interest to the United States under Section 853(n)(6)(A)). Claimant also could not prevail under Section 853(n)(6)(B), because she is not a bona fide purchaser *for value*, having paid nothing for her title interest in the Cadillac.

## VI. FINAL ORDER OF FORFEITURE

Pursuant to 21 U.S.C. § 853(n)(7) and Criminal Rule 32.2(c)(2), the following is hereby ORDERED, ADJUDGED, and DECREED:

1. All right, title, and interest in and to the below-listed property is hereby forfeited to the United States of America:

   2000 Cadillac Deville
   VIN: 1G6KD54Y3YU242668
   Registered to: Loretta J. Washington and Darrell T. Washington
   Asset ID: 12-FBI-006428

2. Clear title in and to the above-described property is vested in the United States of America, its successors and assigns, and no other right, title, or interests exists therein. All claims to the above-described property are forever foreclosed and barred, and the property shall be disposed of by the Government in accordance with law.

3. The court shall retain jurisdiction to resolve disputes which may arise, and to enforce and amend this Order as necessary, pursuant to Rule 32.2(e).

4. The Clerk of Court shall provide one certified copy of this Order to the United States Attorney's Office Asset Forfeiture Unit.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 12, 2013

Columbia, South Carolina